IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS APPLESEED CENTER FOR LAW
AND JUSTICE, INC., LOUD LIGHT,
DISABILITY RIGHTS CENTER OF
KANSAS, DOROTHY NARY, MARTHA
HODGESMITH, ROBERT MIKESIC, and
BENJAMIN SIMONS,

        Plaintiffs,

        v.

SCOTT SCHWAB, in his official capacity as
the
Kansas Secretary of State; and JAMIE SHEW,
in
his official capacity as DOUGLAS COUNTY
CLERK,

        Defendants.

Case No. 2:25-cv-2375-JWB-GEB

**PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT AND
MEMORANDUM IN SUPPORT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................ 1

BACKGROUND ............................................................................................................. 1

ARGUMENT ................................................................................................................. 4

    I.    Defendant Schwab's removal is procedurally deficient under 28 U.S.C. § 1446 .......... 5

        A.  Defendant Schwab's removal was not timely under 28 U.S.C. § 1446. .............. 5

        B.  Defendant Schwab's notice lacks timely proof of unanimity as required by 28
             U.S.C. § 1446 ................................................................................................ 8

    II.   This Court lacks subject matter jurisdiction over this suit. ........................................... 9

        A.  Defendant Schwab's federal defense to Plaintiffs' suit cannot establish original
             jurisdiction. ................................................................................................... 9

        B.  *Grable* does not permit federal jurisdiction here. ............................................ 10

           i.  Plaintiffs' state law claims do not "necessarily raise" a stated federal issue. 11

           ii.  The federal issue is not substantial, particularly in light of the sensitive state
              law issues this case raises. ........................................................................ 13

    CONCLUSION .......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ashenfelter v. Escott Aerial Spraying, LLC*,
 2023 WL 1100395 (D. Kan. Jan. 30, 2023)...........................................................................8

*Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*,
 25 F.4th 1238 (10th Cir. 2022) ...................................................................................... 11, 12

*Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*,
 770 F.3d 944 (10th Cir. 2014) ........................................................................................ 9, 12

*Bender v. Jordan*,
 623 F.3d 1128 (D.C. Cir. 2010) ...........................................................................................13

*California v. Trump*,
 2025 WL 1667949 (D. Mass. June 13, 2025) .......................................................................4

*Caterpillar Inc. v. Williams*,
 482 U.S. 386 (1987)........................................................................................................... 9, 10

*Chi. Tribune Co. v. Bd. of Trs. of the Univ. of Ill.*,
 680 F.3d 1001 (7th Cir. 2012) .............................................................................................13

*Cohen v. Hoard*,
 696 F. Supp. 564 (D. Kan. 1988) ..........................................................................................7

*DeBry v. Transamerica Corp.*,
 601 F.2d 480 (10th Cir. 1979) ...............................................................................................6

*Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*,
 693 F.3d 1195 (10th Cir. 2012) ..................................................................................... 11, 12

*Dutcher v. Matheson*,
 733 F.3d 980 (10th Cir. 2013) ...............................................................................................4

*Fajen v. Found. Rsrv. Ins. Co.*,
 683 F.2d 331 (10th Cir. 1982) ............................................................................................4, 5

*First Nat'l Bank & Tr. Co. in Great Bend v. Nicholas*,
 768 F. Supp. 788 (D. Kan. 1991) ..........................................................................................7

*Gilmore v. Weatherford,*
    694 F.3d 1160 (10th Cir. 2012) ........................................................... 1, 11

*Grable & Sons Metal Products Inc. v. Darue Eng'g & Mfg.,*
    545 U.S. 308 (2005) ............................................................ 1, 5, 11, 12, 14

*Gully v. First Nat'l Bank in Meridian,*
    299 U.S. 109 (1936) ......................................................................... 10, 12

*Gunn v. Minton,*
    568 U.S. 251 (2013) ............................................................................... 12

*Henderson v. Holmes,*
    920 F. Supp. 1184 (D. Kan. 1996) .......................................................... 8

*Huffman v. Saul Holdings Ltd. P'ship,*
    194 F.3d 1072 (10th Cir. 1999) ........................................................... 5, 7

*League of Women Voters of Kan. v. Schwab,*
    318 Kan. 777 (2024) ................................................................................ 3

*McCain v. Cahoj,*
    794 F. Supp. 1061 (D. Kan. 1992) .......................................................... 7

*Merrell Dow Pharms. Inc. v. Thompson,*
    478 U.S. 804 (1986) ................................................................................. 9

*Metro. Life Ins. Co. v. Taylor,*
    481 U.S. 58 (1987) ................................................................................. 10

*Mullaney v. Wilbur,*
    421 U.S. 684 (1975) ............................................................................... 14

*Nicodemus v. Union Pac. Corp.,*
    440 F.3d 1227 (10th Cir. 2006) ............................................................. 13

*Patel v. Moore,*
    968 F. Supp. 587 (D. Kan. 1997) ............................................................ 8

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ................................................................................. 14

*Rivet v. Regions Bank of La.,*
    522 U.S. 470 (1998) ............................................................................ 9, 10

*Saunders v. Big Blue Healthcare, Inc.*,
    522 F. Supp. 3d 946 (D. Kan. 2021) .................................................................. 11

*Shamrock Oil & Gas Corp. v. Sheets*,
    313 U.S. 100 (1941) ............................................................................................. 4, 7

*Smith v. Kansas City Title & Trust Co.*,
    255 U.S. 180 (1921) .............................................................................................. 14

*Taylor v. Anderson*,
    234 U.S. 74 (1914) ............................................................................................... 13

*U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc.*,
    190 F.3d 1156 (10th Cir. 1999) ............................................................................. 4

*Wakefield v. Olcott*,
    983 F. Supp. 1018 (D. Kan. 1997) ...................................................................... 8, 9

*Wichita Fed. Sav. & Loan Ass'n v. Black*,
    No. 89-1089-K, 1989 WL 60141 (D. Kan. May 10, 1989) .................................... 7

**State Constitutional Provisions**

Kan. Const. art. 5 § 1 .................................................................................................. 3

Kan. Const. Bill of Rights § 1 .................................................................................. 2, 3

Kan. Const. Bill of Rights § 2 .................................................................................. 2, 3

Kan. Const. Bill of Rights § 18 .................................................................................... 2

**Statutes**

28 U.S.C. § 1441(a) ................................................................................................ 5, 8, 9

28 U.S.C. § 1446 .......................................................................................................... 5

28 U.S.C. § 1446(b)(1) ............................................................................................. 5, 6

28 U.S.C. § 1446(b)(2)(A) ......................................................................................... 5, 8

28 U.S.C. § 1446(b)(3) ................................................................................................ 6

28 U.S.C. § 1447(c) ...................................................................................................... 9

K.S.A. § 60-304(d)(5) ............................................................................................... 2, 6

## INTRODUCTION

Plaintiffs' suit, originally filed in Douglas County District Court, is a quintessential state law case, raising three claims under the Kansas Constitution based on recent and evolving precedent from the Kansas Supreme Court. Kansas's compliance with the federal election day statutes, the issue Defendant Schwab identifies as meriting removal of this case, emerges only because Defendant Schwab plans to inject those statues as a defense to Plaintiffs' claims. As more than a century of Supreme Court precedent confirms, that is not enough to establish federal jurisdiction. Nor does *Grable & Sons Metal Products Inc. v. Darue Engineering and Manufacturing,* 545 U.S. 308 (2005), authorize jurisdiction here, as the federal issue does not fall within *Grable*'s "exceedingly narrow" path to federal court jurisdiction as interpreted by the Tenth Circuit. *Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012).

The Court's lack of jurisdiction is fatal, but remand is also separately required because Defendant Schwab's notice of removal suffers from multiple procedural defects, each of which renders the notice noncompliant with 28 U.S.C. § 1446. In particular, Defendant Schwab's notice of removal is not timely, having been filed more than 30 days after he was properly served with Plaintiffs' initial petition. Furthermore, the notice failed to timely include affirmative, written consent from Defendant Shew joining in the removal. Because removal jurisdiction is statutory in nature and raises significant federalism concerns, its procedural requirements must be strictly complied with. Accordingly, those procedural defects also require that the matter be promptly remanded to the state court.

## BACKGROUND

On May 5, 2025, several nonprofit and disability rights organizations filed suit in Douglas County District Court to challenge the newly-enacted Senate Bill 4, a law that has the potential to disenfranchise thousands of Kansans through no fault of their own. *See* Pet. ¶¶ 10, 109. Plaintiffs

1

served Defendant Schwab with their initial petition on June 6, 2025. *See* Ex. A. On June 9, 2025, Plaintiffs filed an amended petition. *See* First Am. Pet. The amended petition added four new Kansas voters as Plaintiffs, each of whom relies on advance voting and stands to be disenfranchised by the rejection rule. *See* First Am. Pet. ¶¶ 26–29. However, the amended petition made no substantive changes to Plaintiff's claims or relief requested, which remained identical to the initial petition. *Compare* Pet. ¶¶ 93–120 & pg. 29 (Prayer for Relief), *with* First Am. Pet. ¶¶ 98–125 & pg. 31 (Prayer for Relief). On June 12, 2025, Plaintiffs served Defendant Schwab with their amended petition. *See* Ex. B; *see also* Notice of Removal ("Notice") at 9 n.1.[1]

As Plaintiffs allege, although Kansas has long permitted advance mail ballots to be counted if they are postmarked and received within three days of the election, after Senate Bill 4 takes effect in January 2026, Kansas election officials will be required to reject all ballots that are not received by 7 p.m. on election day (the "rejection rule"), a change that would have required invalidating as many as 10 to 12 percent of all advance ballots cast by mail in 2024 in Kansas's most rural counties. *See* Pet. ¶¶ 39–44, 82. Plaintiffs allege that the rejection rule is particularly dangerous in Kansas because Kansas suffers from some of the worst mail delays in the country and also has one of the shortest periods for voting by mail. *See* Pet. ¶¶ 45–47, 55.

Plaintiffs bring three claims, each of which arises exclusively under the Kansas Constitution. Specifically, Plaintiffs allege that the rejection rule violates (1) the right to equal protection under the Kansas Constitution, *see* Kan. Const. Bill of Rights §§ 1–2, (2) the right to procedural due process under the Kansas Constitution, *see id.* § 18, and (3) the right to vote under

---

[1] In Footnote 1 of his notice, Defendant Schwab asserts that Plaintiffs' first attempt at service in May 2025 was not effective because Plaintiffs did not serve the Attorney General as arguably required by K.S.A. 60-304(d)(5). *See* Notice at 9 n.1. Plaintiffs do not contest that for the purposes of this motion. But Plaintiffs *did* serve the Attorney General, as Defendant Schwab argues was required to effectuate proper service on him, when they served the initial petition on June 6, 2025, and the amended petition on June 12, 2025. S*ee* Ex. A (service of initial petition on Attorney General); Ex. B (service of amended petition on Attorney General). Defendant's notice, however, omits any mention of Plaintiffs' successful service of the initial petition on June 6, 2025. *See* Notice at 9 n.1.

the Kansas Constitution, *see* Kan. Const. art. 5, § 1; Bill of Rights §§ 1–2. *See* Pet. ¶¶ 93–120.

Plaintiffs' first two claims derive in large part from recent Kansas Supreme Court precedent

recognizing that Kansas's election laws, including laws that govern which advance ballots count

or do not count, must comply with equal protection and due process under the Kansas Constitution.

*See* Pet. ¶¶ 93–113 (citing *League of Women Voters of Kan. v. Schwab*, 318 Kan. 777, 805–07

(2024) (hereinafter "*LWV*"). Plaintiffs' third claim—their right to vote claim under Article 5,

Section 1 of the Kansas Constitution—both applies *LWV*'s standards to allege unconstitutional

infringement on the right to vote *and* preserves the argument that *LWV* was incorrectly decided in

what it required litigants to show a violation under this provision of the Kansas Constitution. *See*

Pet. ¶¶ 114–20 & 27 n.2. Thus, Plaintiffs made clear in their petition that they "intend to argue on

appeal that [*LWV*'s standards regarding Article 5, Section 1 of the Kansas Constitution] should be

overruled," Pet. at 27 n.2, something that Plaintiffs will not be able to do if this case is litigated in

federal court, contrary to where Plaintiffs brought their claims. As a remedy, Plaintiffs asked the

Douglas County District Court to declare that the rejection rule unconstitutional under the Kansas

Constitution and enjoin Defendants Secretary of State Schwab and Douglas County Clerk Shew

from discounting otherwise valid advance ballots that are postmarked by election day and received

within seven days afterward. *See* Pet. at 29.

On July 11, 2025, *35 days after* Plaintiffs served their initial petition on Defendant Schwab,

he removed the case to this Court. Although Defendant Schwab's notice represents that Defendant

Shew consents to the removal, *see* Notice ¶ 31, Defendant Schwab's notice does not contain a

separate statement from Defendant Shew expressly and unambiguously consenting to and joining

in the removal.

Defendant Schwab's notice of removal raises a single federal issue: "[W]hether allowing

a post-Election Day grace period for receipt of mail-in ballots conflicts with the federal mandate that there be a single Election Day for all Presidential and congressional elections." *Id.* ¶ 7; *see also id.* ¶ 14 (Defendant Schwab arguing that "any post-Election Day-receipt grace period cannot be squared with federal law"). Although several courts have considered the question, all but one (the Fifth Circuit opinion Defendant Schwab cites) have rejected Defendant Schwab's argument. *See, e.g.*, *California v. Trump*, No. 25-CV-10810-DJC, 2025 WL 1667949, at *13 (D. Mass. June 13, 2025) (recognizing, "[a]s other courts have noted . . . the text of the Election Day statutes require only that all votes are cast by Election Day, not that they are received by that date.").

## ARGUMENT

"Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (quoting *U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)). Defendant Schwab, as the party "removing this case to federal court," bears that burden here. *Id.* And because removal jurisdiction in particular raises significant federalism concerns, "removal statutes are to be strictly construed." *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). The Tenth Circuit has been clear: "[A]ll doubts are to be resolved against removal" and in favor of remand to state court. *Id.*

Defendant Schwab's notice of removal fails this demanding standard both as a procedural and substantive matter. First, the removal is untimely under 28 U.S.C. § 1446 because it was filed more than 30 days after Defendant Schwab was properly served with Plaintiffs' initial petition, which raised the allegedly "removable" issue. And because Defendant Schwab did not timely include affirmative, written consent from Defendant Shew joining in the removal, the notice of

removal did not satisfy 28 U.S.C. § 1446(b)(2)(A) as that statute has long been interpreted by this district.

Even if the removal had complied with these mandatory procedures, this Court would not have original jurisdiction over this suit, which brings exclusively state law claims, under 28 U.S.C. § 1441(a). The federal issue Defendant Schwab identifies is no more than a federal defense to Plaintiffs' state law claims, which is insufficient to establish jurisdiction both under the well-pleaded complaint rule and under the test promulgated in *Grable*, 545 U.S. at 314.

**I.    Defendant Schwab's removal is procedurally deficient under 28 U.S.C. § 1446.**

Defendant Schwab's removal failed to comply with two separate, mandatory requirements for removal under 28 U.S.C. § 1446. First, Defendant Schwab's removal was not timely under 28 U.S.C. § 1446(b)(1), which requires a defendant to remove the action within 30 days of service of the initial pleading. Second, Defendant Schwab's removal does not satisfy 28 U.S.C. § 1446(b)(2)(A)'s "unanimity" requirement, which requires the affirmative, written consent from all defendants filed on the record within those 30 days. Because the removal statute is construed strictly, *see Fajen*, 683 F.2d at 333, each of these defects independently requires remand to state court. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999) (confirming that "failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand") (citation omitted).

**A.  Defendant Schwab's removal was not timely under 28 U.S.C. § 1446.**

The plain language of 28 U.S.C. § 1446(b)(1)'s timeliness requirement is straightforward: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Because Plaintiffs properly served

Defendant Schwab with their initial petition on June 6, 2025, *see* Ex. A, including in the specific manner he had requested via service on the Attorney General, *see* K.S.A. 60-304(d)(5); *supra* at 2 n.1, Defendant Schwab's deadline to remove this case was Monday, June 7. But Defendant Schwab did not file a notice of removal until Friday, July 11, a full *35 days* after service of the initial petition. *See* Notice at 12.

Defendant Schwab's notice of removal makes no mention of Plaintiffs' service of the initial petition on June 6; instead, it appears to assume that the 30-day clock began upon service of the amended petition on June 12. *See id.* ¶ 30 & 9 n.1. That is wrong. The statutory text makes clear that the clock is triggered by service of the "*initial* pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (emphasis added). Service of an amended pleading is relevant only where "the case stated by the initial pleading is not removable," and the amended pleading changes the character of the suit such that a defendant has now "ascertained" that the suit "has become removable." 28 U.S.C. § 1446(b)(3). As the Tenth Circuit has explained, such a scenario may arise when a plaintiff "amend[s] the initial pleading to include a claim for relief within the jurisdiction of the federal courts," "increase[s] the amount in controversy to the requisite jurisdictional level," or dismisses "defendants whose presence destroyed diversity." *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486–87 (10th Cir. 1979).

That is not what happened here. Plaintiffs' initial petition and amended petition are substantively identical; the core difference is that the amended petition adds four Kansas voters as Plaintiffs who stand to be harmed by the rejection rule. *See supra* at 1–2. The "federal issue" Defendant Schwab contends makes this case removable—"whether allowing a post-Election Day grace period for receipt of mail-in ballots conflicts with" federal law, Notice ¶ 7—was no less "ascertain[able]" in Plaintiffs' initial petition than in their amended petition, 28 U.S.C. §

6

1446(b)(3). *See supra* at 2. Because Defendant Schwab cannot show that the amended petition presented "a new basis for removal" not apparent in the initial petition, the statute does not permit Defendant Schwab to calculate his removal period from service of the amended petition. *First Nat'l Bank & Tr. Co. in Great Bend v. Nicholas*, 768 F. Supp. 788, 791 (D. Kan. 1991) (rejecting defendant's invocation of 28 U.S.C. § 1446(b)(3) where defendant could not show any amendment or changed circumstances created a new basis for removal).

Because a federal court's removal jurisdiction is statutory in nature, it must be strictly construed. *See Shamrock Oil*, 313 U.S. at 108; *see also id.* at 109 ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined."). The Tenth Circuit has accordingly reversed when a district court declined to remand a case that was not timely removed, holding that a "plaintiffs' timely objection [to the untimeliness of a defendant's removal] should have defeated removal." *Huffman*, 194 F.3d at 1079. Consistent with this precedent, courts have routinely remanded actions that do not comply with the removal period set out by § 1446(b). *See, e.g.*, *McCain v. Cahoj*, 794 F. Supp. 1061, 1062 (D. Kan. 1992) (remanding in light of the defendant's untimeliness and noting, "[t]he 30–day time limitation of § 1446(b) is mandatory and is strictly construed"); *Cohen v. Hoard*, 696 F. Supp. 564, 566 (D. Kan. 1988) (remanding case because defendant failed to meet the time requirement of § 1446(b), noting that § 1446(b)'s time limitation is "strictly enforced and not subject to extension by consent of the parties or order of the court" and that "any substantial doubts as to statutory compliance for removal should result in remand"); *Wichita Fed. Sav. & Loan Ass'n v. Black*, No. 89-1089-K, 1989 WL 60141, at *2 (D. Kan. May 10, 1989) ("In the present case, the time requirements of § 1446(b) were not met, and the case must be remanded.").

Because Defendant Schwab failed to comply with the statutory timeliness requirement of § 1446(b) in removing this action, this Court should remand.

**B. Defendant Schwab's notice lacks timely proof of unanimity as required by 28 U.S.C. § 1446.**

Defendant Schwab's notice also suffers from another, independent procedural defect warranting remand: it fails to sufficiently demonstrate timely proof of unanimity of all Defendants to the action of their consent to removal.

Under 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." This is known as the "unanimity" requirement, and it applies here, as Defendant Schwab's only basis for invoking removal jurisdiction is that the case allegedly presents a federal question that the Court has original jurisdiction to hear. *See* 28 U.S.C. § 1441(a); Notice ¶¶ 6, 27.

Although Defendant Schwab's notice represents that Defendant Shew consents to removal, *see* Notice ¶ 31, "[i]t is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal." *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996). Instead, "[e]ach party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty-day period." *Id.; see also Wakefield v.* Olcott, 983 F. Supp. 1018, 1021 (D. Kan. 1997) (holding same); *Patel v. Moore*, 968 F. Supp. 587, 590 (D. Kan. 1997) (holding same). As Chief Judge Melgren of this district has acknowledged, even though this requirement "is not expressly stated in the statute," "this district has still required it," and it follows in line with precedent from the "Second, Fifth, and Seventh Circuits [which] require each non-removing co-defendant to file a separate, written indication of consent." *Ashenfelter v. Escott Aerial Spraying, LLC*, No. 22-1144-EFM-KGG, 2023

WL 1100395, at *2–3 (D. Kan. Jan. 30, 2023) (citation omitted).

Because the record lacks evidence that every co-defendant "independently and unambiguously filed a notice of his consent and intent to join in the removal" within the 30-day time for removal (no matter how that time period is calculated here), "the removal is defective and remand is warranted on this basis." *Wakefield*, 983 F. Supp. at 1021.

**II.    This Court lacks subject matter jurisdiction over this suit.**

Under 28 U.S.C. § 1441(a), a defendant may remove a state-court action to federal court only if it is a civil action under which "the district courts of the United States have original jurisdiction." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 474 (1998) (quoting 28 U.S.C. § 1441(a)). Because Defendant Schwab cannot demonstrate proper original jurisdiction here, this Court is required to remand the action to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**A.    Defendant Schwab's federal defense to Plaintiffs' suit cannot establish original jurisdiction.**

As the Supreme Court has long held, it is "settled law that a case may *not* be removed to federal court on the basis of a federal defense," *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987), because "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson,* 478 U.S. 804, 808 (1986); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947–48 (10th Cir. 2014) (holding "federal defenses" "do not give rise to federal question jurisdiction under 28 U.S.C. § 1331").

Instead, the Supreme Court has "long held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

pleaded complaint." *Rivet*, 522 U.S. at 475 (quoting *Caterpillar*, 482 U.S. at 392). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Id.* (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)); *see also Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936) ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.").

Defendant Schwab's argument that the challenged law complies with the federal election day statutes is not an essential element of Plaintiffs' state law claims under the Kansas Constitution. Plaintiffs' equal protection claim, for example, requires examination of whether similarly situated Kansas voters will be treated alike and not subject to arbitrary treatment. *See* Pet. ¶¶ 97, 100. Plaintiffs' procedural due process claim considers the nature of the interest at issue, the likelihood of erroneous deprivation, and the state interest in the procedure. *See* Pet. ¶¶ 105–08. And Plaintiffs' right-to-vote claim considers whether the rejection rule is an infringement on the right to vote, or in the alternative, whether it is an improper extra-constitutional qualification on the right of suffrage. *See* Pet. ¶¶ 116–19. None of these claims requires Plaintiffs to affirmatively establish the non-existence of a conflict between their requested relief and the federal election day statutes.

It is only Defendant Schwab's anticipated *defense* to Plaintiffs' suit in which the federal statutes arise at all. Under *Merrell Dow* and a legion of other Supreme Court precedent that Defendant Schwab declines to cite or address, that is insufficient to confer federal jurisdiction.

### B. *Grable* does not permit federal jurisdiction here.

Although Defendant Schwab maintains that *Grable* nonetheless permits federal jurisdiction here, Tenth Circuit precedent forecloses his broad reading of *Grable*. *Grable* held that

removal jurisdiction over federal issue exists only where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314. As Defendant Schwab admits, this test for whether a federal question is "embedded in a state law claim" is satisfied only where "all four *Grable* elements are met." Notice ¶ 6; *see also Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1208 (10th Cir. 2012). Here, Defendant Schwab cannot show that the federal issue here is either "necessarily raised" or "substantial" as required under *Grable* and binding Tenth Circuit precedent.

### i. Plaintiffs' state law claims do not "necessarily raise" a stated federal issue.

Whether a plaintiff's suit "necessarily raise[s]" a federal issue under *Grable* is determined by "whether the issue is an 'essential element' of a plaintiff's claim." *Gilmore v. Weatherford,* 694 F.3d 1160, 1173 (10th Cir. 2012) (alteration in original) (quoting *Grable*, 545 U.S. at 314–15); *see also Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1266 (10th Cir. 2022) (holding federal issue implicated in the suit was not necessarily raised under *Grable* because it did not "form[] a necessary element of the Municipalities' claims"); *Devon*, 693 F.3d at 1210 (holding federal issue implicated in suit was not necessarily raised under *Grable* because those issues arose as "federal defenses to Mosaic's claims"); *Saunders v. Big Blue Healthcare, Inc.*, 522 F. Supp. 3d 946, 965 (D. Kan. 2021) (holding federal issue must arise as an "essential element" of the plaintiff's claim under *Grable* and that a defendant's intent to raise a federal issue "as a defense to Plaintiff's claim" was not "enough" to invoke jurisdiction under *Grable*).

In *Grable* itself, the plaintiff's own state law quiet title claim was premised on "a failure by the IRS to give it adequate notice, as defined by federal law." 545 U.S. at 314–15.

11

Consequently, "whether Grable was given notice within the meaning of the federal statute [was] thus an essential element of its quiet title claim." *Id.* at 315; *see also Devon*, 693 F.3d at 1211 (noting that in *Grable*, "it was *necessary* for the court to interpret a disputed issue of federal-law in order for the plaintiffs to establish their state-law claims."). Similarly, in *Gunn v. Minton*, 568 U.S. 251 (2013), which Defendant invokes, the "resolution of a federal patent question" was "necessary" for the plaintiff to prevail on the "causation element" of his legal malpractice claim. *Id.* at 259. Here, however, compliance with the federal election day statutes is not an element, let alone an "essential element," of any of Plaintiffs' state law constitutional claims. *See supra* at 10.

Notably, Defendant Schwab does not contend otherwise. Instead, he argues that this Court's resolution of Plaintiffs' claims "necessarily require resolution of [the] federal issue" he intends to raise as a defense to those claims. Notice ¶ 7; *see also id.* ¶ 10 (arguing that Defendant's federal law defense presents "[a] threshold question in this case"); *id.* ¶ 26 (arguing that Plaintiffs' claims "unavoidably require the Court to interpret and apply federal election law").

But the Tenth Circuit has expressly rejected Defendant Schwab's broad interpretation of the *Grable* standard. *See Suncor Energy*, 25 F.4th at 1257 (holding that jurisdiction under *Grable* is "not triggered by a 'mere need to apply federal law in a state-law claim'") (quoting *Grable*, 545 U.S. at 313). As the Tenth Circuit explained in *Becker*, a federal issue might be a "barrier" to the ultimate *success* of Plaintiffs' claims, "but that is not a sufficient basis from which to conclude that the questions are 'necessarily raised.'" *Becker*, 770 F.3d at 948. Or, more to the point: **a suit brought under state law does *not* "arise under an act of Congress or the Constitution of the United States" just because it may be "prohibited thereby."** *Id.* (quoting *Gully*, 299 U.S. at 116). Similarly, in *Gilmore*, in construing the "necessarily raised" requirement under *Grable*, the Tenth Circuit noted that "[a] case might fail for any number of reasons, but jurisdiction 'must be

determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" 694 F.3d at 1173 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)); *see also Chi. Tribune Co. v. Bd. of Trs. of the Univ. of Ill.*, 680 F.3d 1001, 1003 (7th Cir. 2012) ("*Grable* does not alter the rule that a potential federal defense is not enough to create federal jurisdiction under § 1331."). As far as Plaintiffs are aware, the only case in which the Tenth Circuit has recognized federal jurisdiction under *Grable* is *Nicodemus v. Union Pacific Corporation*, 440 F.3d 1227, 1235 (10th Cir. 2006), in which the Tenth Circuit went out of its way to confirm that the federal issue "arises in Plaintiffs' case-in-chief, not by way of defense." Accordingly, contrary to Secretary Schwab's contention, regardless of whether federal law may form a basis for dismissal of Plaintiffs' state law claims, it offers no basis for removal where, as here, it is not an essential element of Plaintiffs' state law claims.

Because the federal issue Defendant Schwab identifies as the basis of his removal is not "necessarily raised" by Plaintiffs' state-law claims in the manner that term has been interpreted by the Tenth Circuit, the Court lacks jurisdiction and should promptly remand.

### ii.  The federal issue is not substantial, particularly in light of the sensitive state law issues this case raises.

Defendant Schwab's removal also fails the "substantial issue" prong of the *Grable* test, providing an independent reason why this Court lacks jurisdiction. As the Tenth Circuit has recognized, a federal issue is likely not "substantial" within the meaning of *Grable* "when a state-law claim 'involve[s] substantial questions of state as well as federal law.'" *Gilmore*, 694 F.3d at 1175 (alteration in original) (quoting *Bender v. Jordan*, 623 F.3d 1128, 1131 (D.C. Cir. 2010)). Even if the federal issue Defendant Schwab raises were an essential element of Plaintiffs' state law claims, Plaintiffs' suit unavoidably raises many substantial issues under state law: three state

constitutional claims under the Kansas Constitution, each subject to recent and evolving precedent from the Kansas Supreme Court that this Court would have to address to resolve Plaintiffs' claims. *See supra* at 2–3.

Notably, had Plaintiffs initially attempted to bring their state-law claims in federal court, they surely would have been barred from doing so under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Specifically, Plaintiffs seek injunctive relief barring state officials from discarding ballots that arrive after election day (assuming those ballots are nonetheless postmarked by that day) on the ground that such action would violate the Kansas Constitution. But *Pennhurst* squarely forecloses federal jurisdiction over such claims; it holds that Eleventh Amendment state sovereign immunity prevents federal courts from granting injunctive relief against "state officials on the basis of state law." 465 U.S. at 117. Even if the Secretary can waive the state's immunity in this regard, that these claims would otherwise be entirely off-limits to a federal court is relevant in weighing the appropriateness of retaining jurisdiction of a case that is fundamentally state-law in nature.[2]

As the Tenth Circuit recognized in *Gilmore* in considering what it means for a federal issue to be "substantial," "in *Grable*, the contested issue of federal law 'appeared to be the only legal or factual issue contested in the case,'" *Gilmore*, 694 F.3d at 1175 (citing *Grable*, 545 U.S. at 315), and in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180 (1921), "the principal issue in the case was the federal constitutionality of the bond issue." 694 F.3d at 1175 (citing *Grable*, 545 U.S. at 312). By contrast, the federal issue that Defendant Schwab bases his removal on here is but a single

---

[2] Federal court also cannot provide Plaintiffs with complete relief. As Plaintiffs' petition indicates, Plaintiffs believe the Kansas Supreme Court's precedent in *LWV* regarding the right-to-vote standard "was incorrectly decided and intend to argue on appeal that the decision should be overruled." Pet. at 27 n.2. Of course, if this case is litigated in federal court, this Court is generally bound by the existing decisions of the Kansas Supreme Court interpreting state law. *See, e.g.*, *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

issue among other sensitive state-law issues that the court resolving the merits of this case will address. And, even then, it is only a defense that Defendant Schwab intends to raise; not an issue raised by the suit brought by Plaintiffs. For all of these reasons, this Court should reject Defendant Schwab's argument that his anticipated federal defense qualifies as "substantial" in this case within the meaning of *Grable*.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court remand this action to the Douglas County District Court.

Respectfully submitted, this 18th day of July, 2025.

/s/ Nicole M. Revenaugh
Pedro L. Irigonegaray (#08079)
Nicole M. Revenaugh (#25482)
**IRIGONEGARAY& REVENAUGH**
1535 S.W. 29th Street
Topeka, KS 66611
(785) 267-6115
pedro@itrlaw.com
nicole@itrlaw.com

Elisabeth C. Frost*
Christina Ford*
Branden Lewiston*
Marisa A. O'Gara*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
efrost@elias.law
cford@elias.law
blewiston@elias.law
mogara@elias.law

Abha Khanna*
1700 Seventh Ave., Suite 2100
Seattle, WA 98101

15

(206) 656-0177
akhanna@elias.law

*Counsel for Plaintiffs*

Teresa A. Woody (#16949)
Micah L. Tempel (#29390)
**KANSAS APPLESEED CENTER
FOR LAW AND JUSTICE, INC.**
211 E. 8th St., Suite D
Lawrence, KS 66044
(785) 251-8160
twoody@kansasappleseed.org
mtempel@kansasappleseed.org

*Counsel for Kansas Appleseed Center
For Law and Justice, Inc.*

*\* Pro Hac Vice Application Forthcoming*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 18, 2025, a true and correct copy of the above document was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send notice of electronic filing to all registered participants. The undersigned also certifies that on July 18, 2025, a true and correct copy of the above was served on all counsel of record by email.

<u>*/s/ Nicole M. Revenaugh*</u>
Nicole M. Revenaugh #25482