IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS APPLESEED CENTER FOR LAW
AND JUSTICE, INC., LOUD LIGHT,
DISABILITY RIGHTS CENTER OF
KANSAS, DOROTHY NARY, MARTHA
HODGESMITH, ROBERT MIKESIC, and
BENJAMIN SIMONS,

        Plaintiffs,

v.

SCOTT SCHWAB, in his official capacity as
the KANSAS SECRETARY OF STATE; and
JAMIE SHEW, in his official capacity as
DOUGLAS COUNTY CLERK,

        Defendants.

Case No. 2:25-cv-2375-JWB-GEB

**PLAINTIFFS' REPLY IN SUPPPORT OF MOTION TO REMAND**

I. **The Secretary's removal was untimely and procedurally deficient.**

The Secretary does not dispute that if he were properly served on June 6, 2025, removal was untimely. Although he previously acknowledged that he was "properly served" in Douglas County District Court, *see* Ex. A, the Secretary now contends that no summons was included in the service of the initial petition on June 6 or the amended petition on June 12. ECF No. 47 at 3.[1] The Secretary is wrong; summonses were included with *both* service packages. *See* Ex. B (Aff. of Nida Imhoff). The Secretary's new contention relies upon the affidavit of Ms. Deckard, who by her own admission did not handle either service package in the first (or even second) instance; both were handled by two assistants before her, neither of whom submitted an affidavit. *See* ECF No. 47-2 ¶¶ 7–15. In this context, all doubts "are to be resolved against removal" and in favor of remand to state court. *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Removal is also fatally deficient because Defendant Shew did not timely "independently and unambiguously file notice of [his] consent and [his] intent to join in the removal." *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996). The Secretary identifies a single case in this District in which this requirement was not enforced. ECF No. 47 at 6. But the rule did not apply there because "counsel for the removing defendant also represent[ed] each of the co-defendants such that he [was] authorized to represent to the court what their positions are." *Smith v. McCormick-Armstrong Co.*, No. 12-4065, 2012 WL 4839918, at *1 (D. Kan. Oct. 11, 2012). The same is not true here. Nor has the issue been cured—Defendant Shew *still* has not filed a separate notice joining in removal, and Plaintiffs would be prejudiced if this case remains in federal court, *see infra* at 2; *Ashenfelter v. Escott Aerial Spraying, LLC*, No. 22-1144-EFM-KGG, 2023 WL

---

[1] The Secretary has now waived any argument that he was not properly served three times: (1) when he entered a voluntary notice of appearance, (2) when he represented in that notice that he had been "properly served," and (3) when he filed a motion to dismiss without contesting service. *See, e.g.*, K.S.A. § 60-303(e); Fed. R. Civ. P. 12(h)(1).

1100395, at *5 (D. Kan. Jan. 30, 2023) (permitting late cure only after co-defendants "filed separate notices of consent" and there was no prejudice to plaintiffs).

**II.    This Court lacks federal subject matter jurisdiction.**

Even if removal were not procedurally deficient, remand would still be required. *Grable & Sons Metal Products Inc. v. Darue Engineering and Manufacturing,* 545 U.S. 308 (2005), does not permit the Secretary to remake Plaintiffs' quintessential state constitutional claims into federal claims, nor does it allow this Court to exercise jurisdiction over such a case.

In his motion to dismiss, the Secretary admits "this Court has no authority to" adjudicate Plaintiffs' third claim, which concerns the Kansas Constitution's unique provisions protecting the right to vote and seeks to have the Kansas Supreme Court reverse its earlier interpretation of that provision. ECF No. 32 at 20; *see also* ECF No. 26 at 3, 14 n.2. At the same time, the Secretary asks this Court to resolve numerous contested issues of state law, including whether: (1) Kansas applies tiers of scrutiny to claims involving the right to vote under the Kansas Constitution, ECF No. 32 at 8; (2) Kansas follows the federal *Anderson-Burdick* balancing test for equal protection claims arising under the Kansas Constitution, *id.* at 11; (3) Kansas recognizes a liberty interest in voting by mail in the Kansas Constitution, *id.* at 17; (4) Kansas applies due process protections to laws of "general applicability" under the Kansas Constitution, *id.* at 18; and (5) the Kansas Supreme Court foreclosed right-to-vote claims under the Kansas Constitution, *id.* at 20.

It should be plain that remand is required here, where Plaintiffs' claims are thoroughly grounded in state law. For a suit to "necessarily raise" a federal issue under *Grable*, the issue must be "an *'essential element' of a plaintiff's claim*." *Gilmore v. Weatherford*, 694 F.3d 1160, 1173 (10th Cir. 2012) (emphases added). The Secretary tellingly did not assert that compliance with the federal election day statutes was an "essential element" of Plaintiffs' claims in his removal notice.

*See* ECF No. 26 at 12. While he now attempts to cure this fatal flaw in response to Plaintiffs' motion, *see* ECF No. 47 at 11, merely characterizing his defense as an "essential element" of Plaintiffs' claims does not make it so. Nor does the Secretary identify any case—not in this district, in the Tenth Circuit, nor anywhere else—in which a federal defense was sufficient to invoke federal jurisdiction under *Grable.* But that is precisely what the federal election day statutes are to this case—the Secretary identifies them as an "affirmative defense" he is choosing to assert. *See* ECF No. 32 at 3 (arguing "Plaintiffs' claims are preempted by federal law" and describing preemption as "an affirmative defense").

Even worse, the Secretary does not even acknowledge binding Tenth Circuit case law which establishes that the *only* circumstance in which a preemption defense may permit removal is in the case of "complete preemption," *Schmeling v. NORDAM*, 97 F.3d 1336, 1342 (10th Cir. 1996)—a highly specific situation that the Secretary does not argue is present here (nor could he). As the Tenth Circuit explained, courts must apply "the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." *Id*. at 1339 (internal citation omitted). "[A] defendant's assertion of a defense based on federal law, such as the federal preemption of the state law on which a plaintiff's claim is based," is *not* a proper basis for removal, even if the parties agree that the only issue in a case is the validity of the defense. *Id*. A case may be removed on preemption grounds *only when* "a federal law not only preempts a state law to some degree *but also substitutes a federal cause of action for the state cause of action*, thereby manifesting Congress's intent to permit removal." *Id*. at 1342 (emphasis added). There is nothing in the federal election day statutes that intimates at such an intent. It is thus not surprising that the Secretary does not even try to grapple with *Schmeling*, which is dispositive here, and requires remand.

3

The cases the Secretary does cite, *see* ECF No. 47 at 11, do not help him. In *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 195 (1921), the plaintiffs filed a state-law claim seeking to invalidate farm loan bonds that had been issued under the authority of a federal act *on the basis* that those loans "were beyond the constitutional power of Congress." And, in *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016), the Court found that removal could be proper on the "rare occasion" where a plaintiff brought a state claim to enforce a duty arising under a federal act. *Id.* at 382–83. Although the Secretary seems to suggest the Court affirmed removal in *Manning*, ECF No. 47 at 11, it did not. The Court "remand[ed] [the] suit [back] to state court" because, although the suit implicated the Federal Exchange Act, the claim was not "brought to enforce" that Act. 578 U.S. at 392–93. Nor is this case brought to enforce the federal election day statutes—or enforce any duty arising under any federal act.

The Tenth Circuit cases cited by the Secretary are also inapposite. In *Nicodemus v. Union Pacific Corporation*, 440 F.3d 1227 (10th Cir. 2006), the plaintiffs' "right to relief necessarily depend[ed] on the resolution of a substantial question of federal law," ECF No. 47 at 14 (quoting *Nicodemus*, 440 F.3d at 1232), not because the defendants raised a dispositive federal issue, as the Secretary attempts to do here, but because the plaintiffs could not prevail on their state right-of-way claim *unless they proved, in the first instance*, that the defendant exceeded the scope of "federal-land grant statutes" by which the railroad obtained that right-of-way. *Id.* at 1234–35; *see also id.* at 1235 (noting plaintiffs' allegation the defendant had no right-of-way "under the laws of the United States"). Similarly, in *Gilmore*, the plaintiffs' state-law conversion claim required them to show "the removal was conducted [in violation of] federal law." 694 F.3d at 1173.

In these cases, the federal issue was "necessarily raised" under *Grable* because it was an essential element of the plaintiff's claim. But here, Plaintiffs have not alleged any violation of

4

federal law, nor would their right to relief turn on any interpretation of federal law *absent the Secretary's decision* to raise the federal election day statutes as a defense. In other words, the federal election day statutes may have never arisen in this case with a different defendant or even different counsel.[2] Because Plaintiffs could have litigated their case—and won—without invoking the federal election day statutes, their claims do not necessarily raise a federal issue under *Grable*, and the Court must remand. *See, e.g.*, *Manning*, 578 U.S. at 382–83. This is doubly so because of the Tenth Circuit's clear edict in *Schmeling* that a mere preemption argument—even if meritorious—cannot confer removal jurisdiction absent congressional intent to convert the state claim into a federal one. 97 F.3d at 1342.

Finally, remand is also proper because this case does not raise a "substantial" federal question in light of the many weighty state-law issues this case presents. *See Gilmore*, 694 F.3d at 1175 (noting federal issue is likely not "substantial" "when a state-law claim 'involve[s] substantial questions of state [law]" (quotation omitted)). As noted above, the Secretary's own motion to dismiss asks this Court to resolve numerous contested issues of state law. *See supra* at 2. And the Secretary affirmatively argues that—if this case remains in this Court—this Court has no authority to adjudicate one of Plaintiffs' key claims regarding the proper interpretation of the Kansas Constitution's right-to-vote provisions. *See* ECF No. 32 at 20. This alone would deeply prejudice Plaintiffs and provides further reason to grant the motion to remand.

For all of these reasons, the Court should grant the motion to remand and promptly return this matter to its proper place in Douglas County.

---

[2] That the federal election day statutes may have never come up in this case is further supported by the fact that all but one of the courts to have considered the question have *rejected* the argument that federal law *requires* election day receipt deadlines like the one at issue here. *See, e.g.*, ECF No. 26 at 4 (citing cases). Laws allowing for the counting of absentee ballots voted and mailed by election day but received shortly after have been commonplace for decades and remain in place in nearly two dozen states and territories. *See* Nat'l Conf. of State Legs., *Receipt and Postmark Deadlines for Absentee/Mail Ballots* (updated Aug. 1, 2025), https://www.ncsl.org/elections-and-campaigns/table-11-receipt-and-postmark-deadlines-for-absentee-mail-ballots.

5

Respectfully submitted, this 12th day of August, 2025.

/s/ *Nicole M. Revenaugh*
Pedro L. Irigonegaray (#08079)
Nicole M. Revenaugh (#25482)
**IRIGONEGARAY& REVENAUGH**
1535 S.W. 29th Street
Topeka, KS 66611
(785) 267-6115
pedro@itrlaw.com
nicole@itrlaw.com

Elisabeth C. Frost*
Christina Ford*
Branden Lewiston*
Marisa A. O'Gara*
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 968-4490
efrost@elias.law
cford@elias.law
blewiston@elias.law
mogara@elias.law

Abha Khanna*
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

*Counsel for Plaintiffs*

Teresa A. Woody (#16949)
Micah L. Tempel (#29390)
**KANSAS APPLESEED CENTER
FOR LAW AND JUSTICE, INC.**
211 E. 8th St., Suite D
Lawrence, KS 66044
(785) 251-8160
twoody@kansasappleseed.org
mtempel@kansasappleseed.org

*Counsel for Kansas Appleseed Center
For Law and Justice, Inc.*

*\* Pro Hac Vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 12, 2025, a true and correct copy of the above document was electronically filed with the Clerk of the Court using the Court's electronic filing system, which will send notice of electronic filing to all registered participants. The undersigned also certifies that on August 12, 2025, a true and correct copy of the above was served on all counsel of record by email.

*/s/ Nicole M. Revenaugh*
Nicole M. Revenaugh #25482