IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KANSAS APPLESEED CENTER FOR
LAW AND JUSTICE, INC, et al.,

        Plaintiffs,

v.                                                                                                  Case No.  25-2375-JWB

SCOTT SCHWAB, in his official capacity
as the Kansas Secretary of State, et al.,

        Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiffs' Motion to Remand the action to state court. (Doc. 26.)  The motion is fully briefed and ripe for decision.  (Docs. 26, 47, 48.)  The motion to remand is GRANTED for the reasons stated herein.

### I.   Facts and Procedural History

Plaintiffs filed this action in state court in Douglas County, Kansas. (Doc. 1 at 1.) They raise three claims under the Kansas Constitution about the appropriate length of time Kansas must count mail-in ballots after election day. (*Id.*)  Plaintiffs attempted to serve Defendant Schwab on June 6, 2025.  (Doc. 47 at 3.)  Under Kansas law, a plaintiff is required to include a summons with the petition to properly effect service.  K.S.A. 60-303(c)(2).  Defendant Schwab contends when he received a FedEx mailing purporting to be service (as allowed under Kansas law), there was no summons included with the petition. (Doc. 47 at 3.)  Plaintiffs again attempted to serve Defendant Schwab on June 12, 2025.  (*Id.*)  Service was again attempted through FedEx.  (*Id.*)  Defendant Schwab again contends that a summons was not included with the petition.  (*Id.*)  Defendants filed a notice of removal in this court on July 11, 2025.  (Doc. 1.)

1

Thereafter, Plaintiffs filed a motion to remand on the grounds that the court lacked subject matter jurisdiction, and that removal was improper for two reasons: (1) that unanimous consent to the removal was not properly obtained; and (2) that removal was untimely. (Doc. 26 at 6.) The court does not agree with Plaintiffs' interpretation of the unanimous consent statute, but because it does agree that removal was untimely, it does not reach the subject matter jurisdiction question.

## II. Standard

Under 28 U.S.C. § 1447(c), a district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013). "Doubtful cases must be resolved in favor of remand." *Thurkill v. The Menninger Clinic, Inc.*, 72 F. Supp. 2d 1232, 1234 (D. Kan. 1999). Yet, before a court undertakes an analysis of subject matter jurisdiction it must assess whether the removing party has met its burden to show that removal is proper. *Christensen v. BNSF Railway Co.*, 242 F.Supp.3d 1186, 1189 (D. Kan. 2017) (citing *Baby C v. Price*, 138 Fed.Appx. 81, 83 (10th Cir. 2005)). Removal is only proper if the removing party has complied with certain procedural requirements, *id.*, including timeliness, 28 U.S.C. § 1446(b)(1), and in the case of multiple defendants, unanimity. *Id.* at (b)(2)(A). If a court determines that removal was improper, and a motion to remand is timely filed, then remand is appropriate. *See Bointy v. Allstate Vehicle and Prop. Insur. Co.*, No. CIV-22-872, 2022 WL 22805186 at *1 (W.D. Okla. Nov. 28, 2022).

## III. Analysis

Plaintiffs challenge whether Defendants properly achieved unanimous agreement to remove to federal court. (Doc. 26 at 13.) They also argue that removal was untimely. (Doc. 26

2

at 10.)  Defendants contest each of these assertions.  (Doc. 47 at 4, 5.)  The court considers each argument in turn.

### A. Unanimity

Defendant Schwab represented in his notice of removal that Defendant Shew agreed to the removal of the action.  (Doc. 1 at 9.)  Indeed, Defendant Schwab provided an email exhibit supporting that assertion.  (Doc. 47-1 at 2.)  But Plaintiffs say this is not enough.  They argue that each Defendant must have independently filed a written consent to removal with the district court.  (Doc. 26 at 13.)  The court disagrees.

When, as here, a lawsuit is removed from state to federal court under 28 U.S.C. § 1441(a) "all defendants who have been properly joined and served must join in or consent to removal of the action." 28 U.S.C. § 1446(b)(2)(A).  Courts have taken this language to mean different things.  Some of the federal courts of appeal and courts in this district have read extratextual requirements into the statute.  *See Henderson v. Holmes*, 920 F.Supp. 1184, 1187 (D. Kan. 1996) ("It is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal.").  Courts have required that consent to removal be "supported in writing." *Id.* at 1186.

The rationales offered for this requirement are noble.  *See e.g.*, *Id.* at 1187, n. 2 ("Without such a filing, 'there would be nothing on the record to 'bind' the allegedly consenting defendant.'") (quoting *Getty Oil, a Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 162, n. 11 (5th Cir. 1996)); ("It serves the policy of insuring the unanimity necessary for removal."); ("It is not an onerous requirement that unfairly disadvantages defendants or that can be manipulated by the plaintiff.").  But as this district has also recognized, this "requirement is not expressly stated in the statute." *Ashenfelter v. Escott Aerial Spraying, L.L.C.*, 2023 WL 1100395 at *3 (D. Kan. Jan.

30, 2023). Ultimately, the statute's language must control. The United States Supreme Court and the Tenth Circuit have not opined on this question. *Id.* at *2. This court is not bound by other decisions from this district, nor other circuits, but it is bound by the letter of federal law.

The court holds that federal law does not require each defendant to file written formal notice of consent to removal. 28 U.S.C. § 1446(b)(2)(A). Section 1446 does not specify any particular mode of consent. *Id.* The statute simply reads "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* Courts have an obligation to "interpret statutes, no matter the context, based on the traditional tools of statutory construction, not individual policy preferences." *Loper Bright Enter. v. Raimondo*, 603 U.S. 369, 403 (2024). When, as here, Congress "says in a statute what it means and means in a statute what it says there" it is "the sole function of the courts . . . to enforce [the statute] according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000) (internal quotation marks and citations omitted). Here, the language of the removal statute has a "plain and unambiguous meaning": it does not require any specific mode of noticing unanimity. It necessitates only that all defendants either join in or consent to removal. Therefore, this court's statutory "inquiry must cease." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997). It is clear that the other Defendant in this action, Mr. Shew, the Douglas County Clerk, consented to the removal. (Doc. 47-1 at 2.) As a consequence, Defendants properly obtained unanimity for purposes of removal.

**B. Timeliness**

Still, Defendants' removal is improper because they failed to remove within the thirty-day window provided by 28 U.S.C. § 1446(b)(1). To avoid this outcome, Defendant Schwab argues that he was not properly served, in accordance with Kansas law, on June 6, 2025. As a result, he

4

contends his removal thirty-five days later on July 11, 2025, was timely. Plaintiffs vigorously dispute this notion. (Doc. 26 at 5; Doc. 48 at 2.) The court agrees with Plaintiffs.

28 U.S.C. § 1446(b)(1) mandates that a "notice of removal of a civil action or proceeding [] be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Federal courts, including the Tenth Circuit, have interpreted this statute's language to mean that a defendant must have been properly served in accordance with the law of the state where the action was originally filed. *Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010).

In Kansas, proper service may be obtained by "return receipt delivery, which is effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery." K.S.A. § 60-303(c)(1). Proper service can only be effected by providing a defendant with a copy of both the complaint and the summons. K.S.A. § 60-303(c)(2) ("The sheriff, party or party's attorney must give to the person or entity effecting delivery a copy of the process and petition or other document in a sealed envelope."); *see also Cook v. Cook*, 83 P.3d 1243, 1246-47 (Kan. Ct. App. 2003). Actual or constructive knowledge of a pending action will not overcome this requirement. *State v. Skinner*, 987 P.2d 1096, 1099 (Kan. 1999). The statute requires procedural compliance or a valid waiver. *Id.* For a case, like the instant one, that involves a lawsuit against the State of Kansas or its agencies, service must be made upon the Attorney General. K.S.A. § 60-304(d)(5).

Here Defendant Schwab alleges that when served on June 6, 2025, the envelope he received did not contain a copy of the summons. (Doc. 47 at 3.) Plaintiffs dispute this and assert that they did include a summons. (Doc. 48 at 2.) Defendant Schwab also claims that when he was served with the amended petition on June 12, 2025, there was no summons included. (Doc. 47 at 3.) Given that this factual dispute could decide the propriety of removal, the parties submitted dueling affidavits from their legal personnel attesting to the summons issue. (Doc. 47-2; Doc. 48-2.) The court held an evidentiary hearing on October 9, 2025, where it heard testimony from multiple witnesses on the summons issue. (Doc. 54.) After review of the relevant evidentiary materials, the court finds that Plaintiffs effected proper service on Defendant Schwab on June 6, 2025, and therefore, Defendants' removal is untimely.

Plaintiffs offered the affidavit and testimony of Ms. Nida Imhoff, who is the office manager at Plaintiffs' counsel's law firm. (Doc. 48-2 at 2.) She has worked as a legal assistant in law firms for over 35 years. (*Id.*) She swore in her affidavit that she specifically remembered including the summons in both the June 6 and June 12 mailings. (*Id.* at 2-3.) Ms. Imhoff unequivocally reaffirmed this during her testimony at the evidentiary hearing. The court finds her consistent testimony persuasive because Ms. Imhoff laid out a clear and steady process for how she, the only person charged with mailing the service documents, regularly engages in this practice.

Ms. Imhoff explained to the court that to mail service of process, she uses FedEx. She explained further that, when mailing service, she has no way of obtaining the address for the recipient except from the face of the summons. Without it, Ms. Imhoff asserts she would have had no way of filling out the "Airbill" required to address the package to Defendant Schwab. Ms. Imhoff attests that she fills out the Airbill and then places the summons and complaint into the envelope. She explained to the court that this is her standard practice and remembers doing it

6

specifically in this case on both June 5 and June 10. Moreover, she testified that she specifically remembers Plaintiffs' counsel handing her printed copies of the petition and summons on June 5, 2025, and directing her to serve Defendant Schwab through the Kansas Attorney General. The court views this to be strong evidence that a summons was sent with the service mailed on June 5, 2025.

Defendant Schwab offered his own witnesses who testified to the procedures and chain of events surrounding receipt of the service package in the Attorney General's office. First, Defendant Schwab offered the testimony of Ms. Lorna Lawton, who has been the receptionist at the Attorney General's office for the last six months. Second, he offered testimony from Ms. Gabriella Ortiz, a legal assistant for the last two years in that same office. Finally, he offered an affidavit and testimony from Ms. Connie Deckard who is an executive assistant to the Attorney General.

Ms. Lawton testified that she would have received and opened each package on June 6 and June 12 in accordance with standard office procedures. After identifying the office to which the packages were addressed, Ms. Lawton placed the mailings into the civil division's mail slot. Upon placing them in the mail slot, Ms. Lawton or another receptionist notifies Ms. Ortiz of the mail's arrival. Ms. Ortiz testified that on June 6, she walked down to the mail slots, retrieved the mail, and brought it back up to her office to be sorted.

With regard to the June 6 delivery, Ms. Ortiz testified that Ms. Deckard approached her in her office and asked if any filings related to this case had arrived that day. Despite having retrieved the mail, Ms. Ortiz had not yet gone through it. According to Ms. Ortiz, she and Ms. Deckard proceeded to look through the mail and discovered the mailing from Plaintiffs delivered on June 6. Upon inspection, Ms. Ortiz and Ms. Deckard testified to not seeing a summons in the mailing.

A similar story unfolded regarding the June 12 delivery. Here though, Ms. Deckard testified that the package was not initially delivered to the Attorney General's office but to the Office of the Secretary of State, which is housed in the same building. Ms. Deckard testified when something like that happens, the Secretary of State's office would normally bring it over to the Attorney General receptionists. Ms. Ortiz testified that she retrieved the June 12 package, inspected it, discovered no summons, and then walked the package to Ms. Deckard's office.

The court does not wish to cast doubt upon any of the witness testimony. Legal work is voluminous; mistakes and accidents are inevitable. Here though, the straightforward testimony of a 35-year veteran of the legal industry, that of Ms. Imhoff, indicates a lesser likelihood of an accident or omission on her end than on Defendant Schwab's. She specifically recalled the events surrounding the first attempt at service, including that she was handed a printed copy of the summons. Moreover, she testified convincingly that, had she failed to include the summons in the service package, she would have later discovered the summons on her desk or in her workspace, but that did not happen. By contrast, the procedures described by the state's witnesses is longer, more complicated, and involves more people. Hence, there is greater opportunity for mistake. Indeed, while the office procedures outlined by the state's witnesses sound good on paper, there is already one instance in this case of the system admittedly not working properly, specifically, when the June 12 delivery ended up at the wrong office. In light of these considerations, the court finds that Plaintiffs have satisfactorily met their burden of demonstrating proper service on June 6, 2025. That being the case, Defendants' removal to this court is untimely and the case must be remanded to state court.

**IV.   Conclusion**

9

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 26) is GRANTED. The clerk is instructed to remand this action to the District Court of Douglas County, Kansas.

IT IS SO ORDERED. Dated this 15th day of October, 2025.

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE